SCHIEFER et al. v. FREYGANG et al.

(Supreme Court, Appellate Division, First Department.  December 2, 1910.)

1. JUDGMENT (§ 590\*)—RES JUDICATA—APPLICATION FOR RECEIVER—DENIAL—EFFECT.

After dissolution of a firm of attorneys, one of them sued for an accounting and moved for a receiver of the firm assets.  The motion was denied on the ground, among others, that by the dissolution agreement title to the firm assets had passed to the other partner subject to an accounting, and no appeal was taken.  The moving partner then applied for an order in an action by a former client of the firm in which the client was represented by his former partner to compel the defendants therein to pay into court the firm's share of the amount, of a settlement made in favor of the client, to abide an accounting between the partners. ` Held`, in effect, a renewal of the motion for a receiver, so that the decision thereon was res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1103; Dec. Dig. § 590.\*]

2. ATTORNEY AND CLIENT (§ 190\*)—COMPENSATION—PROTECTION OF RIGHTS.

Pending a suit for damages to property by the erection of a railroad viaduct in the street in front of plaintiff's premises, plaintiff sold the property, the deed reserving the damages caused by the viaduct and the running of trains thereon, and no recovery was had in that action.  The attorneys for plaintiff, L. & J., dissolved partnership, the agreement therefor providing that L. would wind up all the firm's unfinished business, including plaintiff's claims.  Subsequently plaintiff sued to enforce her claim under the reservation in her deed, L. being her attorney, and a compromise was agreed on by which a certain amount was to be paid by the railroad to plaintiff.  Held, that J., being neither a party nor an attorney of record in the action, had no such interest as would entitle him to an order directing the railroad to pay one-third of the amount into court, that being alleged to be the amount plaintiff agreed to pay her attorneys in the first suit, to abide an accounting between L. & J., his interest in the recovery being wholly dependent on the dissolution agreement, with which the parties to the action were not concerned.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 412; Dec. Dig. § 190.\*]

3. ATTORNEY AND CLIENT (§ 189\*)—COMPENSATION—LIEN—PARTIES LIABLE.

The payment of the fee to one of the attorneys of record will discharge the client and the party recovered from as to all liability, even though formal notice of lien be served upon them; for the parties have no interest in the division of the fee, and are not bound by agreements for its division between their attorneys.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407; Dec. Dig. § 189.\*]

Appeal from Special Term, New York County.

In an action by Bertha Schiefer against Minna Freygang et al., James C. Bushby secured an order that defendants pay into court one-third of the amount to be paid by them in settlement of the suit, to be held for an accounting between him and L. M. Berkeley, attorney for plaintiff.  From this order, plaintiff and her attorney appeal.  Order reversed.

See, also, 122 App. Div. 892, 106 N. Y. Supp. 1144; 125 App. Div. 498, 109 N. Y. Supp. 848.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

L. M. Berkeley, for appellants.

James C. Bushby, for respondents.

LAUGHLIN, J. The order from which the appeal was taken was made on the application of the respondent who does not show that he is or ever has been one of the attorneys of record in this action. It appears that on the 11th day of December, 1906, a copartnership which then existed between appellant Berkeley and the respondent Bushby as attorneys and counsellors at law was dissolved. They had brought an action for the plaintiff as an abutting property owner on Park avenue, opposite the viaduct of the defendant railroad companies, to recover damages, and it was pending at that time. It appears by the dissolution agreement that appellant Berkeley undertook, "to wind up all the unfinished business of said firm, including * * * plaintiff's claim," and it is claimed on conflicting evidence that the respondent Bushby was to receive 30 per cent. of the fees "of said firm of Berkeley & Bushby in the plaintiff's case." There was no recovery in that action, and the settlement in question was not made therein. After commencing that action the plaintiff conveyed her premises and in the conveyance attempted to reserve to herself the fee and rental damages claimed to have been caused by the viaduct and operation of trains thereon. Her grantee died and thereafter his administratrix, next of kin and heirs, without the consent of plaintiff, settled with the railroad companies. Thereafter this action was commenced in March, 1907, to enforce the plaintiff's rights against the railroad companies under the reservation in the said conveyance, and so far as the record shows the appellant Berkeley alone was retained by her to bring the action, and became and still is the attorney of record.

It appears that Bushby brought an action against Berkeley for a copartnership accounting which is still pending, and that in that action he made an application to the court for the appointment of a receiver of the copartnership property which was denied by an order of Special Term on the 28th day of December, 1909; and upon the denial thereof an order was duly entered, from which no appeal has been taken, which recites, among other things, that the court was of the opinion, "that the title to all the partnership property of said firm passed to the defendant, subject to the plaintiff's right to an accounting." The respondent on learning that the settlement of this action had been negotiated by which the defendant railroad companies were to pay to the plaintiff $1,500, and the other defendants $500, applied for the relief granted by the order from which the appeal is taken.

It does not appear that the application is based on any facts, not presented to the court on the motion for the appointment of a receiver, tending to show the necessity, for the protection of the respondent's right, of impounding the fees in which he claims to have an interest. The motion was therefore, in effect, a renewal of the application, but in another action, for the appointment of a receiver without leave of the court or additional papers setting forth material

facts which have arisen since the former action was made. Under the dissolution agreement, as has been seen, the appellant Berkeley was to have charge of the litigation then pending in behalf of the plaintiff subject only to his duty to account to the respondent for a proportionate part of the fees of the attorneys. The question evidently presented on the application for the appointment of a receiver was whether the conduct of the appellant Berkeley or his pecuniary responsibility were such that the rights of respondent would not be fully protected if the appellant Berkeley were allowed to continue in charge of the copartnership interests, property, and funds pending the action. The order therefore made on that application is in the circumstances a bar to the relief sought by the motion made in this action.

Moreover, the respondent being neither a party to this action nor so far as shown an attorney of record for any party has no standing to make the motion. If the agreement between the attorneys be such that the respondent has an interest in the fees to be received by the attorney of record for the plaintiff in this action, that is a matter of no concern to the defendants or to the plaintiff herein as it depends entirely on the dissolution agreement. It may be said that the respondent and his copartner as attorneys of record in the former action had a lien on the plaintiff's cause of action, of which the defendants therein could not deprive them, without their knowledge or consent. Such a theory would not avail the respondent, for it does not appear that the moneys which the defendants herein have agreed to pay are to be paid in settlement or compromise of the original action; but if it did the parties could not be made parties to a controversy between the attorneys nor could they be delayed in the settlement of the action by the controversy between the attorneys with respect to a division of the fees which in no manner concerns them. The payment of the amount of the lien of attorneys' fees to one of the attorneys of record would relieve the defendants from all liability even though formal notice of a lien were given.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.